UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY K. DAY, | No. C10-5264 BHS/KLS |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| JUDY MCCULLOUGH, | |
| Respondents. | |

Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4. Petitioner indicates that he has served a 60 month sentence and is now subject to community custody. Dkt. 1. Petitioner's mailing address reflects that he is no longer in the custody of the Washington State Department of Corrections.

Subject matter jurisdiction under 28 U.S.C. § 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir.1994). Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). The collateral consequences of an expired conviction, while sufficient to preclude mootness, are not sufficient to satisfy the "in custody" requirement of § 2254. *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir.1990)(citing *Maleng v. Cook*, 490 U.S. at 492). See also, *Carafas v. LaVallee*, 391 U.S. 234 (1968).

ORDER TO SHOW CAUSE - 1

The "in custody" requirement of § 2254 may be met even if the petitioner is not physically confined. *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir.1993), citing *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963). See *Jones*, 371 U.S. at 240-43 (parole tantamount to custody); *Hensley v. Municipal Court*, 411 U.S. 345, 348-49 (1973)(release on personal recognizance pending appeal satisfies "in custody" requirement); *Dow*, 995 F.2d at 923 (mandatory attendance at alcohol rehabilitation program satisfies in custody requirement); *Barry v. Bergen County Probation Department,* 128 F.3d 152 (3rd Cir.1997)(community service obligation rendered petitioner "in custody" for purposes of habeas statute). However, in order to satisfy the custody requirement, the "petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Dow*, 995 F.2d at 923, quoting *Jones*, 371 U.S. at 240.

The court is unable to determine based on the information submitted by Petitioner, the nature and terms of Petitioner's community custody and whether the terms of the community custody are sufficient to render Petitioner "in custody" for purposes of federal habeas review.

Accordingly, it is **ORDERED**:

(1) Petitioner shall provide the court with the terms of his community custody **on or before May 7, 2010**. If Petitioner fails to do so, the court will enter a report and recommendation that the petition be dismissed.

(2) The Court Clerk is directed to send a copy of this Order to Petitioner.

DATED this  23rd  day of April, 2010.

                                                Karen L. Strombom
                                                United States Magistrate Judge

ORDER TO SHOW CAUSE - 2