UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY K. DAY,

    Petitioner,

v.

JUDY MCCULLOUGH and ELDON VAIL,

    Respondents.

Case No. C10-5264BHS

ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 17) and Petitioner's ("Day") objections to the R&R (Dkt. 18).

## I. PROCEDURAL HISTORY & FACTUAL BACKGROUND

The facts giving rise to this case were summarized, in part, by the magistrate judge as follows:

> In February 2002, the State charged 10-year-old D.J. and two others with arson. D.J.'s mother retained attorney Jeffrey Day to represent D.J. in juvenile court. Throughout the course of his representation, Day met with D.J. both in his office and at restaurants, including McDonald's. Day secured dismissal of the charges against D.J.
> After Day's legal representation of D.J. ended, Day continued to take D.J. to the movies, sports events, and Toys R Us. Eventually, D.J. began spending the night at Day's home. On February 14, 2004, D.J. was sleeping at Day's home when he awoke to find he was no longer wearing his pants. D.J. went to Day's bedroom, where he found Day sleeping, "crawled on the other far side [of the bed] and went to sleep." Report of Proceedings (RP) at 132. Later that night, D.J. woke to find Day touching him "by [his] testicles" inside his underwear. RP at 132-33.

ORDER – 1

   D.J. asked to watch a movie, but then said that he had to go home for the evening. Day agreed to take him home, but took a shower first. While Day was in the shower, D.J. tried unsuccessfully to call his mother or uncle. Day took D.J. home, and D.J. told his mother what had happened. His mother reported the incident to the police.

Dkt. 17 at 1-2. The state charged Day with first degree child molestation.

  Day testified at trial that

   (1) he had removed D.J.'s pants while D.J. slept in order to "make him comfortable and have him sleep the way he had slept before"; RP at 482; (2) although D.J. did crawl into bed with him (Day), he (Day) got out of the bed and went to the media room to sleep; and (3) he (Day) had not touched D.J. inappropriately, either intentionally or accidentally. Day presented no other witnesses.

*Id*. at 2.

  A jury convicted Day of first degree child molestation. Since the conviction, Day has exhausted his state law remedies and filed his federal habeas petition. *See, e.g., id*. at 4-5 (describing the procedural history of Day's appeals in the state courts leading up to the instant petition).

  In filing his federal habeas petition, Day raised the following issues before the magistrate judge:

  1) Defendant was denied a fair trial when the complaining witness was allowed to hold and play with a toy while testifying before the jury.

  2) Defendant was denied a fair trial when, during his testimony, the mother of the complaining witness cried out, ran from the courtroom and the court failed to take any remedial action such as excusing, cautioning or questioning the jury or admonishing the mother.

  3) The prosecutor committed misconduct by commenting on the credibility of the complaining witness, by comparing the financial status of the witness and the defendant and by repeatedly referring to the defendant's status as a pro tem judge in closing argument, an issue that had no relevance.

  4) Defense counsel failed to provide effective assistance of counsel by (1) failing to object to the complaining witness holding a toy, (2) failing to seek remedial action following the outburst during defendant's testimony, (3) failing to present an available character defense, [and] (4) failing to object to prosecutor's statements.

ORDER – 2

5) The evidence was insufficient as a matter of law to support a conviction for child molestation in the first degree.

*Id.* at 5. Neither Day nor his counsel objected to issues 1-3 above.

Considering the state court proceedings and the record before this Court, the magistrate judge recommended denying relief to Day under each of these theories *See* Dkt. 17. The magistrate judge also recommended dismissing Day's habeas petition with prejudice and declining to grant a certificate of appealability. *Id*. 27-28.

Day objects to the magistrate judge's R&R on eight grounds. Day argues that (1) an evidentiary hearing should be required; (2) the victim holding a toy during testimony did amount to constitutional error; (3) the mother's outburst at trial is grounds for granting his claim for habeas relief; (4) the prosecutor engaged in misconduct through inappropriate comments in closing argument; (5) Day's trial counsel was ineffective; (6) the evidence adduced at trial was insufficient to support his conviction; (7) the summary dismissal of his claims with prejudice is improper; and (8) the Court should decline to adopt the magistrate judge's recommendation to deny a certificate of appealability.

## II. DISCUSSION

### A.   Day's Objection 1, Evidentiary Hearing

Day argues that the magistrate judge erred in concluding that an evidentiary hearing is not required in this case. The magistrate judge reasoned as follows:

> Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. § 2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2) (1996).
> Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying Petitioner's claims

ORDER – 3

>are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this court concludes that an evidentiary hearing is not necessary to decide this case.

Dkt. 17 at 6.

In challenging this reasoning, Day relies on *Towsend v. Sain*, 372 U.S. 293 (1963) (setting out the analysis for determining whether an evidentiary hearing is required in a federal habeas matter). The requisite analysis of *Towsend* was followed recently in *Earp v. Ornoski*, 431 F.3d 1158 (9th Cir. 2005). The *Earp* court held that evidentiary hearings in cases such as this are required if "(1) [the defendant] has alleged facts that, if proven, would entitle him to habeas relief, and (2) he did not receive a full and fair opportunity to develop those facts [.]" *Id.* (quoting *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004).

Applying the holding in *Earp* to this case, the Court agrees with the magistrate judge that an evidentiary hearing is unnecessary. Day has not alleged facts that, if proven, would entitle him to relief. Instead and without specificity, Day merely alleges that his version of the facts are true and that he has submitted affidavits to support that his theories for relief are at least colorable. However, this is not sufficient to form the basis of relief. Day has established nothing more than a difference of opinion, which is not sufficient to warrant disturbing the well-reasoned decisions of the state court.

**B.     Day's Objections 2-6**

Day's objections numbered 2-6 are simply a second bite at theories that the magistrate judge has correctly analyzed and rejected within the R&R. *Compare* Dkt. 17 *with* Dkt. 18. Because the Court agrees with the magistrate judge's analysis and conclusions on these objections, the Court denies relief on these issues.

**C.     Summary Dismissal With Prejudice**

Day argues without adequate support that the Court should decline to adopt the magistrate judge's "summary conclusion and recommendation that this petition be denied and the action be dismissed with prejudice." However, the Court finds good reason to

ORDER – 4

dismiss this petition with prejudice: Day's claims are without merit and have been exhaustively litigated in state court and before this Court.

Therefore, the Court denies relief on this issue.

**D.   Certificate of Appealability**

The Court agrees with the magistrate judge that Day is not entitled to a certificate of appealability in this case.

### III. ORDER

The Court having considered the R&R, Day's objections, and the remaining record, does hereby find and order as follows:

(1)   Day's objections are **OVERRULED**;

(2)   The R&R is **ADOPTED**;

(3)   This action is **DISMISSED with prejudice**; and

(4)   The Court **DECLINES to grant** Day a certificate of appealability.

DATED this 15th day of February, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 5